■ MAX ZEITLER et al., Respondents, v. INCORPORATED VILLAGE OF FARM-INGDALE et al., Appellants.— Appeal from a judgment entered after trial before an Official Referee declaring that the rezoning of a parcel of real property from residence to business use is unconstitutional and void and enjoining its enforcement. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Findings of facts insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In an area bounded by Main Street on the west, immediately east of Main Street is a municipal parking field. On the easterly side of the area and east of the east side of Secatogue Avenue, a heavily travelled street, and south of the railroad station, is another municipal parking field. On the north is South Front Street on which railroad tracks are maintained. On the south is Conklin Street, a heavily travelled road. Around this perimeter and generally throughout the area, the property is zoned for business use, within which actual residence use not interspersed with business use in an enclave. Opposite the parcel on Elizabeth Street are three old frame dwellings. A foundation of an abandoned soda bottling plant is immediately to their south. South thereof is a structure used for carpentry. To the north of the dwellings and on South Front Street are frame structures formerly used as a garment factory which have been abandoned and are now an eyesore. Opposite the parcel on Eastern Parkway are two dwellings and a taxi stand, east of which and across Franklin Place is a 24-unit garden type apartment house. A plot of about two thirds of the block in which the parcel is located is in business " E " zone. It is primarily devoted to warehouse use with a siding from the railroad to the main building thereon, which faces South Front Street. The remaining structures in the block are four four-family dwellings to the east of the parcel. To the east thereof is a 12-family apartment house. The four-family dwellings were built in 1928 at a time when the entire block was zoned for business use. Each of respondents owns one of these dwellings. The legislative change was within the competence of the trustees. The fact that a single parcel was involved in the ordinance under

review does not mean that the ordinance was not enacted in accordance with a comprehensive plan. There is no substance to the contention of respondents that they were entitled to notice of meetings at which the trustees conducted their deliberations and discussed with an owner of the parcel and his representatives the suggestions of the village engineer as to manner of construction of a warehouse thereon. As observed during the course of the trial upon exclusion of plans, the issue concerned a business district pursuant to which the parcel could be devoted to a number of conforming uses. Appropriate notice had been given of all hearings had with respect to the merits of such a change of zone. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.